UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTNEY HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21 CV 934 RWS |
| | ) | |
| CREDIT ACCEPTANCE | ) | |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Brittney Henderson ("Henderson") originally filed this suit against Credit Acceptance Corporation ("Credit Acceptance") and Cardinal Buick GMC, Inc. ("Cardinal Buick") in state court.  Credit Acceptance removed the case to this Court on July 28, 2021 and filed a motion to compel arbitration on September 3, 2021. Henderson did not file a response to the motion.

## BACKGROUND

This case arises out of Henderson's June 5, 2020 purchase of a 2011 Ford Explorer from Cardinal Buick.   When she purchased the vehicle, Henderson made a $5,000 down payment and entered into a retail installment contract ("RIC") for the remaining balance of $6,015.  The agreement contained an assignment of all rights, title, and interest to Credit Acceptance.  It also contained an arbitration provision.

1

Henderson made several monthly payments to Credit Acceptance throughout 2020.  In December 2020, her bank notified her that her monthly payment had not been accepted.  When she contacted Credit Acceptance, she learned that her account had been closed.  She then contacted a salesman at Cardinal Buick, "who represented that [Credit Acceptance] had to 'back out of the contract' and that [Henderson] needed to sign a new retail installment contract."  She alleges that she was not obligated to make any payments under the RIC since Cardinal Buick never delivered title to the vehicle, and that when she told Cardinal Buick of her desire to pay the outstanding balance and demanded the title to the vehicle, she did not receive a response.

Henderson contends that both defendants have engaged in behavior that violates the Missouri Merchandising Practices Act ("MMPA"), the Truth in Lending Act ("TILA"), and the Equal Credit Opportunity Act ("ECOA"),

## LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "reflects 'a liberal federal policy favoring arbitration.'" Torres v. Simpatico, Inc., 781 F.3d 963, 968 (8th Cir. 2015) (quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)).  "[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." MedCam, Inc. v. MCNC,

2

414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4).  The United States Court of Appeals for the Eighth Circuit has refined this inquiry, requiring me to ask "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute falls within the scope of the arbitration agreement." Id.; see also Torres, 781 F.3d at 968-69.  An arbitration agreement's scope is interpreted liberally, with any doubts resolved in favor of arbitration.  MedCam, 414 F.3d at 975.  A district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id. (internal quotations omitted).

## ANALYSIS

I have reviewed the RIC and find that the parties entered into a valid written agreement to arbitrate. The arbitration agreement in this case represented Cardinal Buick and Credit Acceptance's offer to submit any claim arising out of the RIC to arbitration.  Henderson accepted this offer by electronically signing the RIC and separately electronically initialing the arbitration clause.  Additionally, there is consideration for the agreement, as both parties mutually waived their right to suit in favor of arbitration.  The arbitration agreement encompasses the claims in this matter, as it covers "any controversy or claim between [Henderson] and [Credit Acceptance] arising out of or in any way related to" the RIC.

Credit Acceptance asks that I stay this case or, in the alternative, dismiss it while the arbitration process is ongoing.  Although other district courts have exercised their discretion in dismissing cases governed by a valid arbitration clause, "[t]he FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Green v. SuperShuttle Intern., Inc., 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3).  As a result, I will stay this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Credit Acceptance Corporation's motion to compel arbitration, [10], is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is stayed until the binding arbitration process is completed.  The parties shall notify the Court of the completion of the arbitration process or any other development which would affect the stay of this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this matter.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2021.